UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TOU PAU LEE,

          Petitioner,

v.

PAMELA BONDI, Attorney General;
KRISTI NOEM, Secretary of the
Department of Homeland Security; RYAN
SHEA, Freeborn County Sheriff; and TODD
M. LYONS, Director of ICE for the
Washington D.C. Headquarters,

          Respondents.

Case No. 25-CV-2926 (PJS/SGE)

ORDER

      Petitioner Tou Pao Lee filed this habeas petition seeking release from immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Clark v. Martinez*, 543 U.S. 371 (2005). Specifically, Lee alleges that he is not likely to be removed in the reasonably foreseeable future because the government has been unable to secure a necessary travel document and that therefore his continued detention is unlawful.

      A few days after filing his habeas petition, Lee moved for a temporary restraining order ("TRO") seeking to enjoin defendants from removing him from Minnesota until this case and his immigration proceedings have concluded. Shortly thereafter, Lee filed a motion for an immediate hearing or order that defendants be enjoined from removing him from Minnesota until the Court ruled on his pending TRO.

The Court granted the motion in part and ordered that Lee is not to be removed from the bounds of Minnesota until the Court rules on his TRO motion.

A few weeks later, the government filed a supplemental brief and declaration informing the Court and Lee that U.S. Immigration and Customs Enforcement ("ICE") has procured the necessary travel document and Lee's removal was scheduled to occur within ten days. In response, Lee filed a brief conceding that, if it is true that ICE has procured the document, then he can no longer show a likelihood of success on the merits of his claims. Based on this concession, the Court dissolved the order prohibiting Lee's removal from Minnesota, but ordered that, if Lee was not removed to his home country within ten days, he must be returned to Minnesota.

Subsequently, the government informed the Court that, although it had acquired the necessary travel document and scheduled Lee's removal, it was unable to remove Lee on schedule due to flight delays. As ordered, the government returned Lee to Minnesota. Lee then moved for an order to show cause why his habeas petition should not be granted.

In response to these developments, the Court held a status conference and directed the government to provide a copy of the travel document for *in camera* review. The government has now provided that document along with a declaration establishing foundation.

Having examined the document and the accompanying declaration, the Court is satisfied that there is a significant likelihood of Lee's removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Consequently, as Lee previously conceded, he cannot show a likelihood of success on the merits of his petition. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (in deciding whether to grant a preliminary injunction, courts must consider, among other factors, likelihood of success on the merits).

Accordingly, the Court denies Lee's motions for a TRO and to show cause. The Court will not deny Lee's habeas petition at this time, however, but will instead order the parties to provide an update to the Court on the government's efforts at removal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT;

1. Petitioner's motions for a temporary restraining order [ECF No. 9] and to show cause [ECF No. 28] are DENIED.

2. No later than 14 days from the date of this order, the parties must provide the Court with an update on the government's efforts at removing petitioner to his home country.

Dated:  August 26, 2025                         /s/ Patrick J. Schiltz
                                                                                             Patrick J. Schiltz, Chief Judge
                                                                                             United States District Court